**KIMBERLY M ROBERTS,**

     **Plaintiff,**

**v.**                             **CASE NO 3:21cv82-MCR-EMT**

**DYLAN J HATCHER, and**
**VOLT POWER LLC,**

     **Defendants.**

_____/

## ORDER

Pending is the Plaintiff's Motion to Remand, ECF No. 6, which Defendants oppose. Having fully considered the matter, the Court finds that the motion is due to be denied.

**Background**

Plaintiff Kimberly M. Roberts filed this case in the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida, on March 9, 2020, alleging she was injured by the negligence of Defendant Dylan J. Hatcher, while he was driving a transport truck as an employee of Volt Power LLC. Specifically, Roberts alleged that Hatcher failed to properly secure cargo on the transport truck, and that on August 29, 2018, the cargo fell off the truck and into Roberts's lane of travel,

where she could not avoid a collision. Roberts alleged that she suffered severe and permanent damages in excess of $30,000.

Defendants filed a Notice of Removal on January 13, 2021, on the basis of diversity jurisdiction. Defendants state that the case was not removable until December 14, 2020, when Roberts produced a supplemental discovery response to a request for admissions, in which she expressly admitted that the amount in controversy exceeds $75,000 and conversely expressly denied that the controversy involves less than $75,000.[1] Defendants removed the case within 30 days of receiving the admissions. *See* 28 U.S.C. § 1446(b)(3) (removal is timely within 30 days of the receipt of an "other paper" from which it was first ascertained that the case was removeable).

Roberts filed a timely motion to remand within 30 days after removal, *see* 28 U.S.C. § 1446(a), arguing that Defendants' amount-in-controversy allegation is conclusory and insufficient.[2] Defendants responded with pre-suit papers that they

---

[1] These supplemental responses were provided after an order compelling more complete responses.

[2] Plaintiff does not dispute the existence of diversity of citizenship. The Court notes, however, that Defendant Volt's assertion of its own citizenship in the negative (i.e., that it is not a citizen of Florida) is insufficient to establish jurisdiction. Therefore, Defendants will be required to supplement the Notice of Removal with a statement of the citizenship of each member of the LLC. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company."); *see also D.B.*

received from Roberts demonstrating that the jurisdictional prerequisite is met. In particular, Defendants attached bills from various medical providers, including NeuroMicroSpine, PLLC, West Florida Radiology Associates, Santa Rosa Medical Center, and others totaling approximately $82,0000 and a cost analysis from the Phoenix Rehabilitation Corporation, which estimates future medical expenses ranging from between $565,810 and $618,306. *See* ECF No. 6-1.

## Discussion

A defendant may remove a civil case filed in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The defendant must file a notice of removal within 30 days after receipt by the defendant of "an initial pleading setting forth the claim for relief upon which such action or proceeding is based" or within 30 days after the defendant's receipt of a pleading or "other paper from which it may be first ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(1), (3). The notice of removal must contain "a short and plain statement of the grounds for removal," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)), which, for cases

---

*Zwirn Special Opportunities Fund, L.P. v. Mehrotra,* 661 F.3d 124, 127 (1st Cir. 2011) (requiring plaintiff LLC to identify its members, their respective citizenship, and to trace the citizenship of any member that is an unincorporated association).

CASE NO. 3:21cv82-MCR-EMT

brought under the Court's diversity jurisdiction, includes a good faith and "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). When a plaintiff contests the amount in controversy allegation, "both sides submit proof and the court decides by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88. "[T]he removing party shoulders the burden of establishing federal subject matter jurisdiction." *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1034 (11th Cir. 2020). To decide whether this burden is met, courts "may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925.

Roberts argues that her supplemental response to the request for admissions, standing alone, does not provide a sufficient facially plausible factual basis to support the amount in controversy allegation. Roberts relies on unpublished decisions finding that an admission by itself is conclusory and insufficient to establish the jurisdictional amount. *See Pennington v. Covidien LP*, No. 8:18-CV-2114-T-33SPF, 2018 WL 4501739, at *2 (M.D. Fla. Sept. 20, 2018) (finding insufficient a bare certification by the plaintiff that the amount in controversy was

met and noting a glaring absence of medical bills or other evidence); *Eckert v. Sears, Roebuck & Co*., No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (finding a conclusory admission insufficient to establish the amount in controversy without an underlying factual basis). Defendants argue that those cases are inapposite because here, contrary to the facts in *Pennington* and *Eckert*, there is evidence to substantiate the amount in controversy. The Court agrees with Defendants.

As Defendants acknowledge, pre-suit documents are insufficient standing alone to constitute "other paper" that serves to start the 30-day removal clock, *see generally Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992) (to constitute "other paper" for purposes of removal, it must be received by the defendant *after* the initial pleading), but a defendant may use information obtained pre-suit to support removal. *See Jade E. Towers Devs. v. Nationwide Mut. Ins. Co*., 936 F. Supp. 890, 892 (N.D. Fla. 1996). Also, where the requisite amount in controversy is not facially apparent from the pleading, courts "may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 James Wm.

CASE NO. 3:21cv82-MCR-EMT

Moore et al., Moore's Federal Practice § 107.14[2][g], at 107–86.4 to 107–86.5 (3d ed. 2010)).

Here, the Complaint by itself was not sufficient to establish the amount in controversy. It did, however, include plausible allegations that Roberts "sustained serious injury" as a result of colliding with an object that fell off of a transport truck and into her lane of traffic while she was operating a motor vehicle. Roberts alleged that she suffered impairment, disability, disfigurement, mental anguish, and diminished earning capacity, in addition to incurring medical expenses for injuries she asserts are permanent. The Notice of Removal was filed based on Roberts's later produced judicial admission that the amount in controversy in fact exceeds $75,000. Even considering this admission as conclusory in nature, the Defendants also produced pre-suit papers received from Roberts, including medical bills and estimated future medical costs, which are more than sufficient to substantiate the amount in controversy. This type of substantiating evidence was absent in *Pennington* and *Eckert*. The Court finds that the Defendants have carried their burden to establish that the amount in controversy is satisfied.

Accordingly:

1.    The Plaintiff's Motion to Remand, ECF No. 5, is **DENIED**.

2.     The Defendants are required to file a supplement to the Notice of Removal within fourteen (14) days identifying the citizenship of each member of the LLC.

**DONE AND ORDERED** this 21st day of May 2021.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21cv82-MCR-EMT